**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**COOL PET STUFF, LLC**                                                   **PLAINTIFF**

**V.**                                   **3:21CV00054 JM**

**PETS FIRST, INC. d/b/a**
**PETS FIRST OF NEW JERSEY, INC.**                              **DEFENDANT**

<u>**ORDER**</u>

Plaintiff Cool Pet Stuff, LLC is a limited liability company whose members are all Arkansas residents. Defendant Pets First is a New York corporation with its principal place of business in Elizabeth, New Jersey. Plaintiff filed suit against Pets First on December 21, 2020 in the Circuit Court of Craighead County, Arkansas. Plaintiff attempted service on Pets First in New Jersey four days later, on Christmas Eve. On January 20, 2021, the parties stipulated to an extension of time for Pets First to "answer or otherwise appear." On March 5, 2021, Pets First removed the action to this Court based on diversity jurisdiction. At the same time, Pets First filed a motion to dismiss for lack of personal jurisdiction, insufficient service of process, improper venue, and failure to state a claim. Plaintiff filed a motion to remand.

Plaintiff argues that this case should be remanded to state court because Pets First did not file the notice of removal within the 30-day time requirement of 28 U.S.C. 1446(b)(1). The section provides: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . .." 28 U.S.C § 1446(b)(1). The 30-day removal period set forth by 28 U.S.C. § 1446(b) is "not jurisdictional, but instead establishes the procedure to transfer to federal court a case over which

the federal court would have had original jurisdiction." *McHugh v. Physicians Health Plan of Greater St. Louis, Inc.*, 953 F. Supp. 296, 299 (E.D. Mo. 1997); *Milburn v. Zurich Am. Ins. Co.*, 334 F.R.D. 190, 192 (E.D. Mo. 2020).

Pets First contends that it is not bound by the 30-day limit because the parties executed a joint stipulation that extended Pets First's deadline to "answer or otherwise appear" until March 15, 2021. However, the time for removal under § 1446(b)(1) cannot be extended by stipulation. *See Rampy v. Sw. Bell Tel. Co.*, 615 F. Supp. 996, 999 (W.D. Mo. 1985) ("It is clear that the time provided for removal in Section 1446(b) could not be extended by any stipulation filed in State court.").

In addition, Pets First argues that it was not properly served under Rule 4, and therefore, the 30 days for removal has not begun. The Supreme Court has found that a "defendant is 'required to take action' as a defendant—that is, bound by the thirty-day limit on removal—'only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.'" *Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 756 (8th Cir. 2001) (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)). The Supreme Court acknowledged the significance of formal service to the judicial process, most notably the importance of service in the context of the time limits on removal. *Marano Enterp.*, 254 F.3d at 756.

The Court uses the procedural rules of New Jersey when determining whether service was properly served on Pets First in New Jersey. New Jersey Court Rule 4.4-4 (6) states that service may be made on a corporation

> by serving a copy of the summons and complaint in the manner prescribed by paragraph (a)(1) of this rule on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof,

or, if service cannot be made on any of those persons, then on a person at the principal
place of business of the corporation in this State in charge thereof. . ..

N.J. Ct. R. R. 4:4-4. "[T]he mere acceptance of service by an employee, other than an officer,
director, trustee or managing or general agent, does not establish that the employee was
authorized to do so." *Jameson v. Great Atlantic and Pacific Tea Co*., 833 A.2d 626, 632 (N.J.
Super. Ct. App. Div. 2003). "Service upon an employee may be sufficient under New Jersey law
if the representative is 'so integrated with the organization that he will know what to do with the
papers and that he or she should stand in a position as to render it fair, reasonable and just to
imply the authority to receive service.'" *Ceus v. New Jersey Laws. Serv., LLC*, No. CV 19-
17073, 2021 WL 1788518, at *2 (D.N.J. May 5, 2021) (quoting *O'Connor v. Altus*, 335 A.2d
545, 556 (N.J. 1975)). If a plaintiff satisfies this two-pronged test, service is considered proper
even if the representative is not an officer, managing agent, or otherwise authorized to accept
service

There is no evidence that Marco Vasquez, the employee who accepted service, was
authorized to receive service of process for Pets First. According to Vasquez's declaration, he
was not a member, manager, general agent, or officer of Pets First and was not authorized by law
to receive service of process on their behalf. (Vasquez Dec., ECF No. 3 at p. 6). Vasquez further
states that he specifically told the process server that he was not authorized to accept service.
"When I told the process server to wait while I got someone who had authority to deal with the
situation, I was told I 'had to accept it because it was a court order.'" *Id.*

Plaintiff argues that Vasquez had apparent authority to act on behalf of Pets First as
evidenced by the Affidavit of Service signed by process server Anthony L. Iavarone. In the
"additional information" section of the Affidavit Mr. Iavarone stated:

John Doe, WHO REFUSED TO GIVE NAME, PERSON AUTHORIZED TO ACCEPT, who accepted service with direct delivery, a gray-haired while male approx. 45-55 years of age, 5'6"-5'8" tall and weighing 160-180 lbs. with an accent.

(Aff. Of Serv., ECF No. 7-1 at p. 2) (emphasis in original). Mr. Iavarone does not deny that Vasquez told him to wait until he could get someone who had authority to accept service.

In *Khater v. Puzino Dairy*, *Inc.*, the New Jersey district court found that the plaintiff had not effected proper service as to the defendant corporation by delivering copies of the summons and complaint to a receptionist at defendant's place of business. The court explained that it could not find that plaintiff effected proper service without information concerning either the receptionist's authority to accept service, or the receptionist's role within the defendants' company. *See Khater v. Puzino Dairy, Inc*., No. CIV.A. 14-4618, 2015 WL 4773125 at *7 (D.N.J. Aug. 12, 2015) (citing *Wohlegmuth v. 560 Ocean Club*, 302 N.J. Super. 306, 309, 695 A.2d 345 (App. Div.1997) ("Even if defendant were a partner ... our court rules do not permit service of process on him by serving a secretary employed by the partnership, unless the secretary was authorized to accept service on defendant's behalf."); *US Wats, Inc. v. Long Distance Direct, Inc*., No. 94–1837, 1994 WL 580180 at *2 (E.D. Pa. Oct.21, 1994) ("In this case, it is Plaintiff's burden to establish that Defendant was properly served [and] Plaintiff has not set forth any evidence to show that [defendant's receptionist] Ms. Suarez was either 'the person for the time being in charge' or in fact authorized to accept service on behalf of defendant. Thus ... delivery of the Complaint to the receptionist was improper service of process.")).

Here, there is evidence that Mr. Vasquez specifically told the process server that he did not have authority to accept service. He did not have authority over Pets First's office operations, and he was not in charge of the office that day. (Vasquez Dec. ECF No. 3 at p. 6). There is no

4

evidence that he was so integrated with the organization that he would know what to do with the papers or that it was fair, reasonable, or just to imply that he had the authority to receive service. Plaintiff has failed to satisfy the two-prong test for service to be considered proper. For the reasons stated above, Mr. Vasquez did not have apparent authority to accept service, and Plaintiff has not cited the Court to any authority stating that service can be ratified by an attorney's negotiation for an extension of time. The Court finds that Pets First did not receive sufficient service of process.

Because Pets First is not a properly served defendant, it's time for removal under 28 U.S.C. § 1441(b) did not begin to run on December 24, 2020 and, in fact, has not yet started. Therefore, Plaintiff's motion to remand (ECF No. 5) is DENIED. Further, Pets First's motion to dismiss for insufficient service of process (ECF No. 3) is GRANTED. The Complaint is dismissed without prejudice. The Clerk is directed to close the case.

IT IS SO ORDERED this 17th day of August, 2021.

James M. Moody Jr
United States District Judge